The Honorable John E. Brown State Senator 17900 Ridgeway Drive Siloam Springs, Arkansas 72761-8866
Dear Senator Brown:
This is in response to your request for my opinion on the following questions:
 1. What constitutes "nonprofit status" under Arkansas law? Is it sufficient to simply incorporate as a nonprofit organization under Arkansas law, or must subsequent reviews and/or filings be completed with the IRS, Department of Finance and Administration, or your office?
 2. If an Arkansas nonprofit corporation does not obtain determination by DFA and/or the Internal Revenue Service are they [sic] a de facto "for profit" corporation?
 3. Does a governmental body have the right to recover funds paid to an organization which filed articles of incorporation prior to March 7, 1963, but did not file those articles after March 7, 1963 with the Secretary of State?
 4. Does a governmental body have the right to recover funds paid to an organization which has filed articles of incorporation (nonprofit), but has not received a determination from DFA and/or the Internal Revenue Service?
RESPONSE
With respect to your first question, "nonprofit status" results from incorporation under any statutory scheme in effect at the time of incorporation. That status will remain in effect until the corporation is formally dissolved voluntarily or under compulsion. In my opinion, the answer to your remaining questions is "no."
Question 1: What constitutes "nonprofit status" under Arkansas law? Is itsufficient to simply incorporate as a nonprofit organization underArkansas law, or must subsequent reviews and/or filings be completed withthe IRS, Department of Finance and Administration, or your office?
Three types of corporations are accorded nonprofit status under Arkansas law: (1) those that organized as such prior to March 7, 1963 under the statutory procedures then in effect (A.S.A. § 64-1901 et seq.);[1] (2) those that have organized as or elected to convert to nonprofit status under the Arkansas Nonprofit Corporation Act of 1963, A.C.A. §§ 4-28-201
through -206 and 4-28-209 through -224; and (3) those that have organized as or elected to convert to nonprofit status under the Arkansas Nonprofit Corporation Act of 1993, A.C.A. §§ 4-33-101 through -1532.
As your question suggests, nonprofit corporations are subject to various review and/or filing requirements with various agencies. See, e.g.,
A.C.A. § 4-28-206 (imposing an obligation to file articles of incorporation with the Secretary of State); A.C.A. §§ 4-28-402 and -403 (imposing on nonprofit corporations that solicit contributions an obligation to register with and to submit annual financial reports and fiscal records to this office); A.C.A. § 20-9-305 (imposing on nonprofit hospital associations or corporations an obligation to file annual financial reports with the Director of DFA). Moreover, various statutes invest this office and the Secretary of State with the power to dissolve and/or sanction nonprofit corporations that fail to observe these requirements or otherwise violate the terms of their nonprofit status.See, e.g., A.C.A. § 4-28-216 (empowering the Secretary of State to test compliance through interrogatories); A.C.A. § 4-28-222 (empowering the Attorney General to sue to dissolve noncomplying corporations); A.C.A. §4-28-416(a)(2) (Supp. 1999) (empowering the Attorney General to prosecute as a violation of the Deceptive Trade Practices Act, A.C.A. § 4-88-101 etseq., any violation of the laws concerning charitable solicitations); A.C.A. §§ 4-33-1420 through — 1423 (authorizing an administrative dissolution by the Secretary of State for noncompliance); A.C.A. §§4-33-1430 through — 1433 (authorizing the Attorney General and others to seek judicial dissolution for noncompliance); A.C.A. § 4-33-129
(declaring it a Class C misdemeanor knowingly to file with the Secretary of State a document containing material misrepresentations). However, in my opinion, regardless of whether a properly organized nonprofit corporation fails to comply with state or federal requirements, its status as a nonprofit corporation under Arkansas law will be preserved until a dissolution has been effected either by the corporation itself or pursuant to one of the above referenced statutes.
Question 2: If an Arkansas nonprofit corporation does not obtaindetermination by DFA and/or the Internal Revenue Service are they [sic]a de facto "for profit" corporation?
In my opinion, the answer to this question is "no." So long as a nonprofit corporation has been duly organized under one of the statutory schemes referenced in my response to your previous question, it is by law a "nonprofit corporation." The corporation need do nothing with respect to DFA or the IRS to obtain its nonprofit status. However, as likewise noted in response to Question 1, various remedies exist if a nonprofit corporation fails to comply with the restrictions on such an organization.
Question 3: Does a governmental body have the right to recover funds paidto an organization which filed articles of incorporation prior to March7, 1963, but did not file those articles after March 7, 1963 with theSecretary of State?
In my opinion, assuming the only basis for recovery is the failure to file the articles after March 7, 1963, the answer to this question is "no." As noted in footnote 1, supra, the Arkansas Court of Appeals has expressly held that A.C.A. § 4-28-204 does not require a nonprofit corporation organized before the adoption of the Arkansas Nonprofit Corporation Act of 1963 to file for incorporation under the 1963 Act. WyeCommunity Club, Inc. v. Harmon, 26 Ark. App. 247, 764 S.W.2d 55 (1989). Likewise, A.C.A. § 4-33-1701 expressly provides that a nonprofit corporation organized before the adoption of the Arkansas Nonprofit Corporation Act of 1993 may, but is not required to, file for incorporation under the 1993 Act. It follows that a nonprofit corporation organized before March 7, 1963 continues to enjoy all the protections afforded by its original incorporation.
Question 4: Does a governmental body have the right to recover funds paidto an organization which has filed articles of incorporation(nonprofit), but has not received a determination from DFA and/or theInternal Revenue Service?
In my opinion, the answer to this question is also "no." Nothing in any of the statutory schemes referenced in my response to your first question conditions nonprofit incorporation on any determination by DFA or the IRS. Consequently, the state tax advantages attendant to nonprofit status under Arkansas law are independent of the federal tax advantages attendant to nonprofit status under federal law.[2] However, nonprofit organizations are obligated to abide by applicable agency regulations, A.C.A. § 4-28-217, subject to the enforcement remedies referenced above.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
[1] In Wye Community Club, Inc. v. Harmon, 26 Ark. App. 247, 254,764 S.W.2d 55 (1989), the Arkansas Court of Appeals held that a nonprofit corporation organized before March 7, 1963 could, but was not obligated to, file to convert to nonprofit status under the 1963 act. The court noted that such a conversion "merely enhances the legal status of the corporation by offering prima facie evidence of incorporation." Id.
[2] However, tax exemption under federal law is significant to the extent that it triggers the application of certain state requirements for the disposition of assets upon dissolution. See A.C.A. §§ 4-28-207 and4-33-150.